IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JONATHAN ROBINSON<br>948 Heyl Avenue<br>Columbus, Ohio 43206, | :<br>:<br>:<br>: |
| and | : |
| | : |
| DERRYLE SLOAN<br>773 Stanley Avenue<br>Columbus, Ohio 43206, | :<br>:<br>:<br>: |
| and | : |
| | : |
| DERRICK SLOAN<br>5103 Dimson Drive, N.<br>Whitehall, OH 43213 | :<br>:<br>:<br>: |
|          Plaintiffs, | :<br>: |
| v. | :<br>: |
| CITY OF COLUMBUS<br>c/o Zach Klein, Columbus City Attorney<br>77 North Front Street<br>Columbus, Ohio 43215, | :<br>:<br>:<br>: |
| and | :<br>: |
| CARL HARMON<br>Badge #2805<br>In His Individual Capacity As A<br>   Columbus Police Officer<br>c/o City of Columbus, Division of Police<br>120 Marconi Boulevard<br>Columbus, OH 43215, | : **(JURY DEMAND ENDORSED HEREON)**<br>:<br>:<br>:<br>:<br>:<br>: |
| and | :<br>: |
| ANTHONY J. JOHNSON<br>Badge #2766<br>In His Individual Capacity As A<br>   Columbus Police Officer<br>c/o City of Columbus, Division of Police | :<br>:<br>:<br>:<br>: |

[1]

| | |
|---|---|
| 120 Marconi Boulevard | : |
| Columbus, OH 43215, | : |
| | : |
| and | : |
| | : |
| DAVID SCHULTZ | : |
| Badge #2998 | : |
| In His Individual Capacity As A | : |
|    Columbus Police Officer | : |
| c/o City of Columbus, Division of Police | : |
| 120 Marconi Boulevard | : |
| Columbus, OH 43215, | : |
| | : |
| and | : |
| | : |
| JOSEPH BARSOTTI | : |
| Badge  #2742 | : |
| In His Individual Capacity As A | : |
|    Columbus Police Officer | : |
| c/o City of Columbus, Division of Police | : |
| 120 Marconi Boulevard | : |
| Columbus, OH 43215, | : |
| | : |
| and | : |
| | : |
| ALEX MOTTINGER | : |
| Badge  #385 | : |
| In His Individual Capacity As A | : |
|    Columbus Police Officer | : |
| c/o City of Columbus, Division of Police | : |
| 120 Marconi Boulevard | : |
| Columbus, OH 43215, | : |
| | : |
| and | : |
| | : |
| BRET WOODYARD | : |
| Badge #2834 | : |
| In His Individual Capacity As A | : |
|    Columbus Police Officer | : |
| c/o City of Columbus, Division of Police | : |
| 120 Marconi Boulevard | : |
| Columbus, OH 43215, | : |
| | : |
|                 Defendants. | : |

[2]

# COMPLAINT

## Introduction

1.     The claims at issue arise from an incident occurring on June 7, 2019 in which officers of the Columbus Division of Police, acting under color of state law, subjected plaintiffs Jonathan Robinson and Derrick Sloan to the unreasonable seizure of their persons, wrongfully arresting and wrongfully imprisoning them, and also subjected defendant and Derryle Sloan to the warrantless and unreasonable search and seizure of his premises and property, in violation of their rights secured by 42 USC §1983; the First, Fourth, and Fourteenth Amendments to the United States Constitution; and the laws of the State of Ohio.

2.     Plaintiffs seek special, compensatory, and punitive damages against the defendants, as well as costs and attorney fees, and such other and further relief as the Court deems just and proper.

## Jurisdiction and Venue

3.     Plaintiffs invoke the original jurisdiction of this Court under 28 U.S.C. §1331, granting this Court original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.

4.     Plaintiffs also invoke the original jurisdiction of this Court under 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4) to redress the deprivation under color of State law, statute, ordinance, regulation, custom, or usage those rights, privileges, or immunities secured by the Constitution of the United States, and recover damages or other relief under any Act of Congress providing for the protection of civil rights.

5.     Plaintiffs further invoke the original jurisdiction of this Court under 42 U.S.C. §1983 to grant relief where, under color of any State law, statute, ordinance, regulation, custom, or usage, any citizen of the United States or other person within the jurisdiction thereof is subjected to the

deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States.

6. Plaintiffs invoke this Court's supplemental jurisdiction under 28 U.S.C. §1367 by bringing state law claims against the defendants that are so related to the federal claims within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue in this Court is proper under 28 U.S.C. §1391(b)(2) because events and omissions giving rise to the claims at issue occurred in this judicial district.

**Parties**

8. Plaintiff Jonathan Robinson (hereinafter "Jonathan") is an adult male person who, at all times material hereto, resided in the City of Columbus, County of Franklin, and State of Ohio.

9. Plaintiff Derryle Sloan (hereinafter "Derryle") is an adult male person who, at all times material hereto, resided in the City of Columbus, County of Franklin, and State of Ohio.

10. Plaintiff Derrick Sloan (hereinafter "Derrick") is an adult male person who, at all times material hereto, resided in the City of Columbus, County of Franklin, and State of Ohio.

11. Defendant Carl Harmon, Badge #2805 (hereinafter "Ofc. Harmon"), was at all times material hereto employed by the City of Columbus as a law enforcement officer in the Columbus Division of Police and is being sued in his individual capacity.

12. Defendant Anthony Johnson, Badge #2766 (hereinafter "Ofc. Johnson"), was at all times material hereto, employed by the City of Columbus as a law enforcement officer in the Columbus Division of Police and is being sued in his individual capacity.

13. Defendant Bret Woodyard, Badge #2834 (hereinafter "Ofc. Woodyard"), was at all times material hereto employed by the City of Columbus as a law enforcement officer in the Columbus Division of Police and is being sued in his individual capacity.

14. Defendant Joseph Barsotti, Badge #2742 (hereinafter "Ofc. Barsotti"), was at all times material hereto employed by the City of Columbus as a law enforcement officer in the Columbus Division of Police and is being sued in his individual capacity.

15. Defendant Alex Mottinger, Badge #385 (hereinafter "Ofc. Mottinger"), was at all times material hereto employed by the City of Columbus as a law enforcement officer in the Columbus Division of Police and is being sued in his individual capacity.

16. Defendant David Schultz, Badge #2998 (hereinafter "Ofc. Schultz"), was at all times material hereto employed by the City of Columbus as a law enforcement officer in the Columbus Division of Police and is being sued in his individual capacity.

17. Defendant City of Columbus is a municipal corporation that hires and trains law enforcement officers for the Columbus Division of Police, and adopts policies governing the conduct of such law enforcement officers.

**Facts**

18. On June 7, 2019 at approximately 6:03 p.m., a "ShotSpotter" gunfire detection device operated by the City of Columbus reported that gunshots were fired near the intersection of Heyl Avenue and Stanley Avenue. In response, ten (10) Columbus police officers were dispatched to the scene. They included Ofc. Harmon, Ofc. Johnson, Ofc. Schultz, Ofc. Woodyard, Ofc. Barsotti, and Ofc. Mottinger.

19. They later arrived at Derryle's house, located at 773 Stanley Avenue. Derrick was there, along with Derryle's children. The children told Derryle that there were police outside, and Derryle asked his children to sit still on their living room couch. Derryle closed his back door to secure the children and looked out his front door to see police officers with their guns drawn, including Ofc. Schultz, Ofc. Woodyard, and Ofc. Mottinger. The police ordered all adults out of Derryle's home while the children stayed inside. They told Derryle that a "ShotSpotter" reported gunfire and asked him if he had any guns in his house.

20. Derryle replied that there was a toy BB gun in the kitchen. Ofc. Schultz, Ofc. Woodyard, Ofc. Mottinger, and the other police officers went inside, seized the BB gun, and searched the entire house for guns without a search warrant.

21. Ofc. Schultz, Ofc. Woodyard, Ofc. Mottinger, and the other police officers questioned the children about the presence of guns in the house. These police officers had their guns drawn and this frightened the children, who were already confused about why the officers had removed their parents. No firearms or any other contraband were found in the house.

22. Derrick recorded a video of police activity on his cellular phone while standing on Derryle's front porch.

23. Jonathan then arrived with his wife, Jahanara, who was carrying two toddlers. She asked and received permission from a police officer to retrieve the other children from Derryle's house. When she tried to get them, Jahanara was intercepted by Ofc. Harmon. He was brandishing a firearm, blocked Jahanara from entering Derryle's home, and ordered her away.

24. Jonathan Robinson thought that he saw Ofc. Harmon's finger on the firearm's trigger and went over to protect his wife. Ofc. Harmon ordered him to "Get back!" Jonathan asked, "Or what?" Officer Harmon again ordered him to "Get back!" Jonathan asked again, "Or what?"

25. Ofc. Harmon told Jonathan to back down again as Ofc. Johnson, brandishing a shotgun, approached Jonathan and ordered him to back away. Jonathan hesitated and Ofc. Johnson pushed Jonathan back with his left hand. When Jonathan protested being pushed, Ofc. Johnson punched him in the face. Jonathan was then wrongfully thrown to the ground by Ofc. Harmon and Ofc. Johnson, who wrongfully seized his person, wrongfully pinned him down, wrongfully arrested him, wrongfully handcuffed him, and wrongfully took him into custody. The defendants then wrongfully transported Jonathan to, and wrongfully imprisoned him in, the Franklin County Jail.

26. Meanwhile, Derrick was recording this incident on his cell phone. When Derrick came closer to the action to video its details, he was grabbed by Ofc. Barsotti. Derrick reflexively pulled away from Ofc. Barsotti and, in response, Ofc. Johnson burned his face with pepper spray and knocked the phone out of his hand. Derrick was then wrongfully thrown to the ground by Ofc. Harmon and Ofc. Barsotti, who wrongfully seized his person, wrongfully pinned him down, wrongfully arrested him, wrongfully handcuffed him, and wrongfully took him into custody. The defendants then wrongfully transported Derrick to, and wrongfully imprisoned him in, the Franklin County Jail.

27. The defendants wrongfully charged Jonathan with Obstructing Official Business, a violation of Columbus City Code §2321.31 and a second-degree misdemeanor. He was also wrongfully charged with Disorderly Conduct, a violation of Columbus City Code §2317.11 and a fourth-degree misdemeanor. On motion of the Columbus City Prosecutor, these charges were dismissed.

28. The defendants wrongfully charged Derrick with Obstructing Official Business, a violation of Columbus City Code §2321.31 and a second-degree misdemeanor. He was told by his public defender that he might remain in jail if he contested this charge, and that he could be confined for

[7]

up to 90 days before his case was heard by the court. The public defender also told Derrick that, if he pleaded guilty, he would be sentenced to time served and sent home the same day. Derrick was thereby coerced to plead guilty in this case in order to regain his freedom and, after he did so on June 8, 2019, Derrick was sentenced to time served and released. He moved to vacate his guilty plea on June 21, 2019, which was granted by the court on July 16, 2019. On motion of the Columbus City Prosecutor, the charge was then dismissed.

29. On August 19, 2019, Matrix Consulting Group published an "operations report" on the Columbus Division of Police. Matrix Consulting Group was hired by the City of Columbus to study the Columbus Division of Police, resulting in this report.

30. The report recited that it "summarize[d] months of effort by the consulting team, employees of the Division of Police, City staff and the community working together since the Winter of 2018-19" and found that Procedural Justice, Bias, and Ethics training of Columbus police officers was inadequate because it amounted to 30 hours of instruction which was "small considering there is [a] total of 1,177 hours of instruction".

31. Prior to the above-described events of June 7, 2019, the City of Columbus continuously adhered to this inadequacy in police training. The City of Columbus knew or should have known that this inadequacy in police training would cause its law enforcement officers to violate the constitutional rights of persons with whom the inadequately trained police officers came into contact.

32. The conduct of the City of Columbus amounted to a deliberate indifference toward the constitutional rights of persons with whom its inadequately trained police officers came into contact.

**First Claim for Relief: Violations of 42 U.S.C. §1983 (Unlawful Search and Seizure)**

33. Plaintiffs restate each and every allegation contained in Paragraphs 1 through 32, inclusive, of this Complaint as if fully rewritten herein.

34. According to 42 U.S.C. §1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

35. Under the Fourth Amendment to the United States Constitution:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

36. The rights set forth in the Fourth Amendment are binding upon the States under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

37. Searches that are conducted outside of the judicial process, without prior approval of a judge or magistrate, are *per se* unreasonable under the Fourth Amendment unless there is probable cause to search.

38. To justify a warrantless search or seizure, a law enforcement officer must have probable cause to believe that he will find the instrumentality of a crime or evidence pertaining to a crime before beginning the search. Probable cause must be based upon a reasonable suspicion that the individual has engaged in, or is about to engage in, illegal activity. The police officers who searched Derryle's house and seized the BB gun had no probable cause to do so because these

police officers had no reasonable suspicion that Derryle engaged in, or was about to engage in, illegal activity.

39. The police officers who searched Derryle's house and seized the BB gun were acting under color of State law, violated his Fourth and Fourteenth Amendment rights, and are liable to Derryle under §1983.

40. The police officers who searched Derryle's house and seized the BB gun were acting in the scope of their employment with, and pursuant to their inadequate training by, the City of Columbus.

41. The defendants' misconduct, described above, directly and proximately caused Derryle to suffer severe mental anguish and emotional distress.

42. By their misconduct, the defendants damaged Derryle in the sum of at least $50,000.00.

**Second Claim for Relief:  Violation of 42 U.S.C. §1983 (Wrongful Arrest and Imprisonment of Jonathan Robinson)**

43. Plaintiffs restate each and every allegation contained in Paragraphs 1 through 42, inclusive, of this Complaint as if fully rewritten herein.

44. Columbus City Code §2321.31 provides regarding the offense of Obstructing Official Business that, "No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within his official capacity, shall do any act which hampers or impedes a public official in the performance of his lawful duties."

45. Columbus City Code §2317.11(A) provides regarding the offense of Disorderly Conduct that:

> No person shall recklessly cause inconvenience, annoyance, or alarm to another, by doing any of the following:

    (1) Engaging in fighting, in threatening harm to persons or property, or in violent or turbulent behavior;

    (2) Making unreasonable noise or offensively coarse utterance, gesture, or display, or communicating unwarranted and grossly abusive language to any person;

    (3) Insulting, taunting, or challenging another, under circumstances in which such conduct is likely to provoke a violent response;

    (4) Hindering or preventing the movement of persons on a public street, road, highway, or right-of-way, or to, from, within, or upon public or private property, so as to interfere with the rights of others, and by any act which serves no lawful and reasonable purpose of the offender;

    (5) Creating a condition which is physically offensive to persons or which presents a risk of physical harm to persons or property, by any act which serves no lawful and reasonable purpose of the offender.

46. Jonathan did not commit the above-described offenses of Obstructing Official Business or Disorderly Conduct, and the police officers who wrongfully arrested and imprisoned Jonathan and had no probable cause to believe that he committed these offenses.

47. The police officers who wrongfully arrested and imprisoned Jonathan were acting under color of State law, violated his Fourth and Fourteenth Amendment rights, and are liable to Jonathan under §1983.

48. The police officers who wrongfully arrested and imprisoned Jonathan were acting in the scope of their employment with, and pursuant to their inadequate training by, the City of Columbus.

49. The defendants' wrongful arrest and imprisonment of Jonathan was publicized by the defendants in print and broadcast media, which directly and proximately caused Jonathan's reputation to be irreparably harmed, and exposing him to contempt, ridicule, shame, and disgrace in the community.

50.     The defendants' misconduct, described above, directly and proximately caused Jonathan to suffer severe mental anguish and emotional distress.

51.     By their misconduct, the defendants damaged Jonathan in the sum of at least $150,000.00.

**Third Claim for Relief:  Violation of 42 U.S.C. §1983 (Unlawful Arrest of Derrick Sloan)**

52.     Plaintiffs restate each and every allegation contained in Paragraphs 1 through 51, inclusive, of this Complaint as if fully rewritten herein.

53.     Under the First Amendment to the United States Constitution:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

54.     The rights set forth in the First Amendment are binding upon the States under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

55.     Derrick had an interest protected by the First Amendment in monitoring and recording the activities of these police officers.

56.     The above-described actions that these police officers took against Derrick were motivated or substantially caused by his exercise of his First Amendment rights.

57.     The above-described actions that these police officers took against Derrick effectively chilled his exercise of his First Amendment rights.

58.     Derrick did not commit the above-described offense of Obstructing Official Business, and the police officers who wrongfully arrested and imprisoned Derrick had no probable cause to believe that he committed this offense.

59. The Columbus police officers who arrested and imprisoned Derrick were acting under color of State law, violated his First and Fourth Amendment rights, and are liable to Derrick under §1983.

60. The Columbus police officers who wrongfully arrested Derrick and wrongfully seized his person were acting in the scope of their employment with, and pursuant to their inadequate training by, the City of Columbus.

61. The defendants' wrongful arrest and imprisonment of Derrick was publicized by the defendants in print and broadcast media, directly and proximately which caused Derrick's reputation to be irreparably harmed, and exposing him to contempt, ridicule, shame, and disgrace in the community.

62. The defendants' misconduct, described above, directly and proximately caused Derrick to suffer severe mental anguish and emotional distress.

63. By their misconduct, the defendants damaged Derrick in the sum of at least $150,000.00.

**Fourth Claim for Relief: Violation of 42 U.S.C. §1983 (*Monell* Claim Against City of Columbus)**

64. Plaintiffs restate each and every allegation contained in Paragraphs 1 through 63, inclusive, of this Complaint as if fully rewritten herein.

65. The City of Columbus adopted, followed, or pursued customs, usages, practices, and policies causing law enforcement officers who it employed in the Columbus Division of Police to be inadequately trained for interaction with the plaintiffs. Such policies, customs, practices, and usages caused the plaintiffs' rights to be violated, as described above.

66.     The City of Columbus ratified and therefore adopted customs, usages, practices, and policies causing law enforcement officers who it employed in the Columbus Division of Police to be inadequately trained for interaction with the plaintiffs.

67.     The City of Columbus knew or should have known that the aforesaid policies, customs, practices, and usages causing law enforcement officers who it employed in the Columbus Division of Police to be inadequately trained would violate the plaintiffs' constitutional rights.

68.     The defendants' wrongful arrest and imprisonment of Derrick was publicized by the defendants in print and broadcast media, which caused Derrick's reputation to be irreparably harmed, and exposing him to contempt, ridicule, shame, and disgrace in the community.

69.     The defendants' misconduct, described above, directly and proximately caused Derrick to suffer severe mental anguish and emotional distress.

70.     As a direct and proximate result of its misconduct, described above, the City of Columbus is liable under §1983 to Derryle, Derrick, and Jonathan for their respective damages, as described above.

**Fifth Claim for Relief: Violations of State Law**

71.     Plaintiffs restate each and every allegation contained in Paragraphs 1 through 67, inclusive, of this Complaint as if fully rewritten herein.

72.     The police officers who conducted a search and seizure of Derryle's premises and property, did so without a reasonable suspicion that Derryle engaged in or was about to engage in illegal activity, and therefore these police officers wrongfully invaded and violated Derryle's privacy.

73.     The police officers who arrested and imprisoned Jonathan did so when, at the moment of his arrest, the facts and circumstances within the knowledge of these police officers were

[14]

insufficient to warrant a reasonable person to believe that Jonathan had committed a crime, and therefore these police officers falsely arrested and imprisoned Jonathan.

74. The police officers who arrested and imprisoned Derrick did so when, at the moment of his arrest, the facts and circumstances within the knowledge of these police officers were insufficient to warrant a reasonable person to believe that Derrick had committed a crime, and therefore these police officers falsely arrested and imprisoned Derrick.

75. The police officers who arrested and imprisoned Jonathan made, influenced, or participating in the decision to prosecute Jonathan without probable cause, which prosecution was resolved in his favor by dismissal at the prosecutor's request due to the lack of probable cause, and knowingly or recklessly made false written statements to facilitate Jonathan's prosecution, therefore maliciously prosecuted Jonathan and caused the deprivation of his liberty.

76. The police officers who arrested and imprisoned Derrick made, influenced, or participating in the decision to prosecute Jonathan without probable cause, which prosecution was resolved in his favor by dismissal at the prosecutor's request due to the lack of probable cause, and knowingly or recklessly made false written statements to facilitate Derrick's prosecution, therefore maliciously prosecuted Derrick and caused the deprivation of his liberty.

77. The police officers who arrested and imprisoned Derrick conspired against him in order to conceal their retaliation against him by depriving him of his First and Fourteenth Amendment rights, and taking steps to further the conspiracy such as arresting him without probable cause, knowingly or recklessly making false written statements to facilitate Derrick's prosecution, and making, influencing, and/or participating in the decision to prosecute him without probable cause.

78. The wrongful arrest and imprisonment of Jonathan, and his malicious prosecution, was publicized by the defendants in print and broadcast media, directly and proximately which caused Jonathan's reputation to be irreparably harmed, and exposing him to contempt, ridicule, shame, and disgrace in the community.

79. The wrongful arrest and imprisonment of Derrick, and his malicious prosecution, was publicized by the defendants in print and broadcast media, directly and proximately which caused Derrick's reputation to be irreparably harmed, and exposing him to contempt, ridicule, shame, and disgrace in the community.

80. The defendants' misconduct damaged Derryle, Derrick, and Jonathan as described above.

81. The defendants acted maliciously, in bad faith, or in a wanton or reckless manner, and are therefore liable to Derryle, Derrick, and Jonathan for their respective damages, as described above.

WHERERFORE, plaintiffs Darryle Sloan, Jonathan Robinson, and Derrick Sloan demand judgment against defendants City of Columbus, Carl Harmon, Anthony J. Johnson, Bret Woodyard, Joseph Barsotti, Alex Mottinger, and David Schultz, jointly and severally, and further pray that this Court:

a. Award plaintiff Jonathan Robinson at least $150,000.00 in special and compensatory damages, award plaintiff Derrick Sloan at least $150,000.00 in special and compensatory damages, award plaintiff Derryle Sloan at least $50,000.00 in special and compensatory damages, and award punitive damages to each of the plaintiffs, for defendants' violations of plaintiffs' rights under 42 U.S.C. §1983 and the First, Fourth, and Fourteenth Amendments to the United States Constitution;

b. Award the plaintiffs all costs and disbursements of this action;

c. Award the plaintiffs reasonable attorney fees pursuant to 42 U.S.C. §1988;

d.        Award the plaintiffs pre-judgment interest and post-judgment interest; and

e.        Grant plaintiffs such other relief as is equitable and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

*/s/ Constance Gadell-Newton*

Constance Gadell-Newton (0085373)

*/s/ Robert J. Fitrakis*

Robert J. Fitrakis (0076796)
FITRAKIS & GADELL-NEWTON, LLC
1021 East Broad Street
Columbus, OH  43205
Phone: (614) 307-9783
Fax: (614) 929-3513
E-Mail: fgnlegal@gmail.com
*Trial Attorneys for Plaintiffs*